# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
HERBERT SPERLING,                )
)
                    Petitioner,  )
)                    Civil Action
v.                               )    No. 17-12075-PBS
)
JEFF GRONDOLSKY,                 )
)
                    Respondent.  )
_____ )

## MEMORANDUM AND ORDER

April 20, 2018

Saris, C.J.

## INTRODUCTION

Herbert Sperling was convicted in the Southern District of New York in 1973 and sentenced to a term of life in prison without the possibility of parole. He has been incarcerated for more than 44 years and is now an elderly man in poor health. Sperling filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket No. 1), seeking adequate medical care and release from Federal Medical Center, Devens ("FMC Devens"). As the basis for his request for release, Sperling challenges his conviction and sentence.

After two hearings and consideration of supplemental briefing, the Court **ALLOWS** the government's motion to dismiss

1

(Docket No. 11), and **DISMISSES WITHOUT PREJUDICE** the habeas petition (Docket No. 1) for lack of jurisdiction.

**DISCUSSION**

## I.   Jurisdiction

At the hearings on November 15, 2017 and January 10, 2018, the Court held that it did not have jurisdiction to address the validity of Petitioner's underlying conviction. See Docket No. 22; Docket No. 23. The proper vehicle for challenging the legality of a federal conviction or sentence is 28 U.S.C. § 2255. See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). A motion to vacate, set aside, or correct a sentence under section 2255 must be brought before the sentencing court. See 28 U.S.C. § 2255(a). When section 2255 specifically addresses a class of claims or issues, it takes precedence over other statutes. See Trenkler, 536 F.3d at 97.

There is, however, a "savings clause," which outlines the limited circumstances in which the legality of a federal sentence can be challenged via a section 2241 petition. See 28 U.S.C. § 2255(e) (allowing habeas petition when remedy under section 2255 would be "inadequate or ineffective to test the legality of . . . detention"). The savings clause is only available in "rare and exceptional circumstances, such as those in which strict adherence to [section 2255's] gatekeeping provisions would result in a 'complete miscarriage of justice.'"

2

Trenkler, 536 F.3d at 99 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A "miscarriage of justice" is defined as "only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" Id. (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)).

The evidence on which Sperling relies to assert the wrongfulness of his conviction and incarceration is a Mailgram from Attorney Alan Dershowitz, which was discovered in 1982. See Docket No. 1-1. The Mailgram discusses an alleged improper ex parte communication between the trial judge and the United States Attorney about Sperling's habeas petition. See Docket No. 1-1. The Second Circuit appears to have had the opportunity to consider the Mailgram, which it received after oral argument. See Sperling v. United States, 692 F.2d 223, 227 n.3 (2d Cir. 1982), cert. denied, 462 U.S. 1131 (1983). In denying an appeal from a second petition pursuant to 28 U.S.C. § 2255, the court said: "We find it neither necessary nor appropriate to comment on a post-argument communication addressed to us by appellant's counsel regarding an incident alleged to have occurred some two weeks after the argument in the instant case." Id. While this footnote does not explain the Second Circuit's reasoning, Sperling has not been "den[ied] . . . any opportunity for judicial rectification," so the savings clause does not apply in

3

this case. <u>Trenkler</u>, 536 F.3d at 99 (quoting <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998)). His petition must meet the requirements of 28 U.S.C. § 2255 and cannot be pursued in this Court.

## II.  **Claim for Inadequate Medical Care**

Petitioner also asserts that the Bureau of Prisons staff denied him surgery that could add six to twelve months to his life. Docket No. 1 ¶¶ 4-6. Typically, a <u>Bivens</u> action is the appropriate means for a federal prisoner to challenge the adequacy of his medical treatment. See <u>Kane v. Winn</u>, 319 F. Supp. 2d 162, 213-15 (D. Mass. 2004). Courts may construe a pro se litigant's habeas petition as a civil rights complaint when it challenges the conditions of confinement, however. <u>See</u> <u>Sanchez v. Sabol</u>, 539 F. Supp. 2d 455, 458-59 (D. Mass. 2008); <u>Kane</u>, 319 F. Supp. 2d at 215.

Even if the Court were to construe Sperling's habeas petition as a <u>Bivens</u> action, it appears that the medical treatment claim is moot at this time. The government has represented that Petitioner had successful endovascular aneurysm repair surgery on December 13, 2017. <u>See</u> Docket No. 28 at 1. The Clinical Director at FMC Devens also reported that Sperling's condition is stable and that the University of Massachusetts Medical Center surgeons were planning to follow up with him in six months. <u>See</u> Docket No. 28 at 1. Based on the government's

4

representation, which has not been disputed, Sperling has received the surgery that he alleged was being withheld. <u>See</u> Docket No. 1 ¶¶ 3-6. The Court therefore dismisses Sperling's petition without prejudice to the filing of a <u>Bivens</u> action if he continues to challenge the adequacy of his medical care at FMC Devens.

<u>**ORDER**</u>

The government's motion to dismiss (Docket No. 11) is **<u>ALLOWED</u>**, and Petitioner's section 2241 petition (Docket No. 1) is **<u>DISMISSED WITHOUT PREJUDICE</u>** to the filing of a <u>Bivens</u> action.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge